IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:19-MJ-32 |
| JOSEPH ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**PROTECTIVE ORDER**

Upon the United States' Consent Motion for Entry of a Protective Order to impose certain restrictions on defense counsel's use and dissemination of certain documents, electronic records, and other materials produced by the United States to the defendant pursuant to its disclosure obligations in the above-referenced matter, and good cause having been shown, it is hereby

ORDERED that the "Protected Information" shall include data extractions from electronic devices; and certain business records including, but not limited to, those provided by cellular telephone providers; it is further

ORDERED that the Protected Information shall be subject to the following protective measures:

1. The government shall disclose the Protected Information to the defendant's attorney of record, who will be responsible for safeguarding the Protected Information;

2. Access to the Protected Information shall be restricted to the defendant (as detailed below), the defendant's attorney of record, and any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case and for the purpose of preparing to defend the defendant against the charges filed in this case, including using the Protected Information at trial or any other hearings in this matter with permission from the Court;

3. The defendant's attorney of record may make reproductions of the Protected Information for disclosure to any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case and for the purpose of preparing to defend the defendant against the charges filed in this case, including using the Protected Information at trial or any other hearings in this matter with permission from the Court. However, no such disclosure of the Protected Information or copies thereof may be made unless and until the attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case read this Protective Order and agree to be bound by its terms;

4. The defendant's attorney of record shall securely store the Protected Information (and any copies thereof) in their law offices or their home offices at all times subject to the exceptions listed herein. The Protected Information (and any copies thereof) may also be stored in the business offices of any personnel allowed to review the Protected Information under the terms of this Protective Order. The Protected Information shall not be stored or maintained in any other locations. Accordingly, with the exceptions of (i) transporting the Protected Information to their offices upon initial receipt; (ii) transporting the Protected Information between the law offices and the home offices of the defendant's attorney of record; (iii) transporting the Protected Information to and from the courthouse for any court proceedings in the above-captioned case or to and from the jail to permit their clients to review the Protected Information; and (iv) transporting the Protected Information from their offices to the U.S. Attorney's Office after the trial and any appeal in this matter are concluded, the defendant's attorney of record and any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case shall not remove the Protected Information (or any part thereof) from their respective offices;

5. The defendant's attorney of record may permit his client to review the Protected Information only while in the presence of the respective defendant's attorney, or any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case. The defendant's attorney of record shall not permit his client to review the Protected Information without said supervision, and he shall not permit his client to copy or memorialize the Protected Information during any such review, nor shall he permit his clients to retain or store any of the Protected Information (or any copies thereof) following any such review;

6. The defendant's attorney of record, and any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case, shall not discuss or disclose the substance of the Protected Information with any persons other than their client, or any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case. However, notwithstanding the foregoing, for the limited purpose of preparing to defend this case, the defendant's attorney of record, and any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) may discuss the substance of the

Protected Information with potential witnesses, so long as no personally identifiable information is discussed with or disclosed to the witness;

7. The Protected Information and the information contained therein shall not be used for any purpose other than preparing to defend the defendant against the charges filed in this case, or introduction as evidence at trial. Where Protected Information is sought to be introduced at trial, the defendant's attorney will notify the government prior to trial of any Protected Information that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. Where appropriate, however, the defendant's attorney must redact any personal identifying information in the Protected Material, in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide to February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

8. The defendant's attorney of record shall inform any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case to whom disclosure of the Protected Information is made of the existence and terms of this Order, and such persons shall be bound by the terms of this Order;

9. The terms of this Protective Order shall apply to items produced in discovery, which are labeled "PROTECTED INFORMATION," and where Protected Information is produced electronically on disc, hard drive, or other electronic storage device, only the physical disc, hard drive, or electronic storage device (and not the individual electronic files) must be labeled "PROTECTED INFORMATION;" and

10. Consistent with their ethical obligations, the defendant's attorney of record shall return, or destroy and certify to government counsel the destruction of, the Protected Information (and any copies thereof) to the government within a reasonable period of time (not to exceed 30 days) after the trial and any appeal in this matter are concluded.

ENTERED this 4th day of April, 2019
Alexandria, Virginia

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Hon. Theresa Carroll Buchanan
United States Magistrate Judge

3